UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>KULWANT SINGH SANDHU,<br><br>        Defendant. | No. 2:15-cr-0231-GEB<br><br>**RULING ON DISMISSAL MOTION** |

On June 24, 2016, Defendant Kulwant Singh Sandhu filed a motion to dismiss the indictment, in which he is charged with two counts of violating 47 U.S.C. § 223(a)(1)(D). (Mot. to Dismiss ("Mot"), ECF No. 22). Defendant argues the indictment should be dismissed because the statute is facially invalid under the First Amendment; contending it abridges speech and unconstitutionally threatens to proscribe speech protected by the First Amendment.

The statute proscribes: "Whoever . . . (1) in interstate or foreign communications . . . makes or causes the telephone of another repeatedly or continuously to ring, with intent to harass any person at the called number . . . shall be fined under Title 18 or imprisoned not more than two years, or both." 47 U.S.C. § 223(a)(1)(D). The indictment tracks the language of the statute.

To succeed on his facial attack challenge, Defendant

1

1 | "would have to establish 'that no set of circumstances exists
2 | under which [§ 223(a)(1)(D)] would be valid'" or that the law is
3 | "invalidated as overbroad [because] 'a substantial number of its
4 | applications are unconstitutional, judged in relation to the
5 | statute's plainly legitimate sweep.'" United States v. Stevens,
6 | 559 U.S. 460, 472-73 (2010) (citations omitted).
7 |       Defendant cites United States v. Popa, 187 F.3d 672
8 | (D.C. Cir. 1999), in support of his motion. (Mot. at 5:13-16.) In
9 | Popa, 187 F.3d at 674, the Eight Circuit addressed defendant's
10 | First Amendment challenge to subdivision (a)(1)(C) of section 223
11 | which then stated it was unlawful to "make[] a telephone
12 | call . . ., **whether or not conversation ensues**, without
13 | disclosing [one's] identity and with intent to annoy, abuse,
14 | threaten, or harass any person at the called number or who
15 | receives the communications." Id. (quoting 47 U.S.C.
16 | § 223(a)(1)(C) (emphasis added)). Unlike subdivision (a)(1)(C),
17 | subdivision (a)(1)(D) does not specifically address a verbal
18 | communication. Instead subdivision (a)(1)(D) of section 223
19 | proscribes the course of conduct involved with repeatedly or
20 | continuously making or causing a telephone to ring, "with intent
21 | to harass any person at the called number." Further, the statute
22 | "precisely specifies that the actor must intend to perform acts
23 | of harassment in order to be culpable." United States v. Lampley,
24 | 573 F.2d 783, 787 (3rd Cir. 1978) (finding that "the nature of
25 | [any resulting] conversation can have no bearing on the
26 | constitutionality of [section 223(1)(D)] since its narrow intent
27 | requirement precludes the proscription of mere communication.").
28 | Therefore, Defendant has not shown that the statute is facially

unconstitutional under the First Amendment.

Further, to the extent the Defendant seeks in his motion a determination of facts involved with his defense against the indicted charges, that portion of the motion is also denied since "'[a] motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence [, and t]he Court should not consider evidence not appearing on the face of the indictment'" when considering a pretrial motion to dismiss an indictment. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996) (quoting United States v. Marra, 481 F.2d 1196, 1199-1200 (6th Cir. 1973), cert denied, 414 U.S. 1004 (1973)); see also Fed. R. Crim. Pro. 12(b)(1) (prescribing: "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.").

For the stated reasons, the dismissal motion is denied.

Dated: August 10, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge