UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-00231-GEB |
|---|---|
| Plaintiff, | |
| v. | **RESPONSE TO IN LIMINE MOITIONS** |
| KULWANT SINGH SANDHU, | |
| Defendant. | |

Pending are limine motions filed by the United States of America ("government") and defendant Kulwant Singh Sandhu ("Sandhu"). Sandhu has been indicted by a federal grand jury with two counts of causing the telephone of another to repeatedly ring with the intent to harass any person at the called number, in violation of 47 U.S.C. § 223(a)(1)(D).

The government seeks in its first in limine motion a ruling on the admissibility of evidence described and/or referenced in its motion—specifically, evidence that the government characterizes as Sandhu's "prior harassing communications to the Securities and Exchange Commission ('SEC') and a former SEC official, a resulting investigation, and [a] federal criminal case ultimately dismissed through a diversion program." (ECF No. 37, 1:19-21.) The government argues this evidence "is admissible as evidence directly relevant or 'inextricably intertwined' with the current charges, or

1

alternatively, as proper 'other act' evidence under Federal Rule of Evidence 404(b). (Id. at 1:21-22.) The government argues the evidence is admissible under Rule 404(b) because it "tends to prove that the defendant had the intent to harass required under 47 U.S.C. § 223(a)(1)(D) . . . while making the calls charged in the present indictment;" "the acts . . . are not too remote in time . . . [since the activity] primarily occurred between 2012 and 2014, and the period covered in the indictment spans from 2014 through 2015;" and "the acts of harassment that led to [to the prior dismissed criminal case] are similar to the charged offense conduct." (Id. at 6:5-7, 6:10-12, 6:21.) The government also argues the evidence is admissible under Rule 403 since "the disputed issues that are at the heart of this case [are] the defendant's intent and identity;" the evidence is not unfairly prejudicial; and "any danger of unfair prejudice can be cured by a timely limiting instruction." (Id. at 6:27-7:6.)

Sandhu opposes this motion, arguing the "evidence is . . . needlessly cumulative because the government has recorded evidence of many other calls during the same period to the same phone numbers." (ECF No. 44, 4:4-5).

However, in light of the "intent to harass" language in the statute, the government's Rule 404(b) arguments are persuasive, and the evidence is not unfairly prejudicial under Rule 403. Therefore, the government's Rule 404(b) motion is granted.

The government seeks in its second in limine motion "a pretrial ruling that the certified business records proffered by the government are foundationally admissible, with the Court

2

reserving its rulings regarding the relevance of the documents until they are offered at trial." (ECF No. 38, 3:7-9.) Sandhu responds to this motion indicating that the issue may not have to be addressed because the parties may be able to stipulate that particular evidence is admissible. In light of this response, the government has not shown that this issue should be addressed in an in limine motion.

The government seeks in its third in limine motion a ruling precluding Sandhu from presenting or eliciting his own prior statements unless he testifies at trial. (ECF No. 39.) Sandhu counters that this motion does not address particular statements the government seeks to exclude, and disregards non hearsay uses of prior statements. The government has not shown that this issue should be addressed in an in limine ruling.

The government seeks in its fourth in limine motion an order precluding Sandhu from introducing any evidence that has not been produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (ECF No. 40.) Sandhu responds that he has sent reciprocal discovery to the government. The government has not shown that an in limine ruling should issue.

The government seeks in its fifth in limine motion an order "excluding all evidence and argument offered by the defendant suggesting that a mental disease, mental defect, or mental condition of the defendant bears on the issue of guilt." (ECF No. 41, 3:1-3.) Sandhu rejoins he does not intend to present any evidence barred by Federal Rule of Criminal Procedure 12.2(b), (d). The government has not shown that an in limine ruling should issue.

3

The government seeks in its sixth in limine motion an order "excluding all evidence, argument, and comment during any phase of trial designed to elicit a jury nullification defense, including, but not limited to, statements that would tend to suggest the elements of the statute do not apply if the victim is a government employee or entity[, and a]n order precluding [Sandhu] from pursuing or presenting evidence of jury nullification." (ECF No. 42, 1:19-22.) Sandhu responds he does intend to offer a jury nullification instruction. The precise ruling sought by the government is unclear. Therefore, an in limine ruling does not issue.

Sandhu seeks in his first in limine motion a ruling that bars evidence the government demonstrated in its first in limine motion has probative value on the intent to harass issue. (ECF No. 43.) This motion is denied.

Sandhu seeks in his second in limine motion a ruling precluding the government from "introduc[ing] evidence of emails from Mr. Sandhu containing complaints about the government and various news articles and internet postings." (Id. at 6:2-3.) The government counters that Sandhu's "emails, and any other contacts and written communication to his victims, are relevant . . . to the defendant's intent in sending them." (ECF No. 50, 8:20-21.) Sandhu has not shown this motion should be granted.

Sandhu seeks in his third in limine motion a ruling that would preclude evidence of calls and messages to persons other than persons referenced in the indicted offenses. The government counters such evidence may be probative on Sandhu's

defense that his "incessant calling and emailing is not an intent to harass, but a legitimate attempt to invoke government change." (Id. at 9:20-21.) The government argues if this defense is presented at trial,

> the government would be entitled to present evidence to refute this proposition . . . [and that e]vidence that the defendant extended his campaign of harassment to those entirely without the ability to address his grievances would be directly relevant to showing that he had no intent to 'get in touch in good faith,' and that his intent was instead to harass.

(Id. at 9:21-25.) Sandhu has not shown this motion should be granted.

Sandhu seeks in his fourth in limine motion to exclude evidence that he "instituted trades on an acquaintance's Scottrade account, with that man's permission, and that the Scottrade account then lost money." (ECF No. 43, 7:25-27.) The government rejoins that it "does not oppose [this motion] at this time because it does not plan to present evidence on this issue in its case-in-chief due to witness unavailability," but this issue may become ripe for decision in rebuttal. (ECF No. 50, 10:24-11:3.) This motion has not been shown to be a controversy warranting an in limine ruling.

Sandhu seeks in his fifth in limine motion to exclude "evidence about whether the persons receiving calls felt harassed by Mr. Sandhu." (ECF No. 43, 8:23-24.) The government rejoins:

> [D]efendant's argument to exclude evidence of his conduct's emotional impact on his victims puts too narrow a restriction on evidence that [is] relevant to his awareness of the negative reaction his behavior provoked and the intent to harass shown by his persisting in it. It is not the government's intent to

5

> elicit direct evidence of the subjective emotional impact of the defendant's actions. The government does, however, intend to present evidence that the victims' responses to him informed him that his behavior was harassing, and that he continued it in order to provoke that same reaction.

(ECF No. 50, 11:6-11).

Sandhu not shown this issue is a controversy warranting an in limine ruling.

In light of the above responses to the in limine motions, the January 6, 2017, scheduled hearing on the in limine motions is vacated.

Dated: January 4, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge